**TEXAS DIVISION–TRANTER, INC., Petitioner,**

v.

**Mark CARROZZA, Respondent.**

No. 94–0234.

Supreme Court of Texas.

May 11, 1994.

Rehearing Overruled June 15, 1994.

Charles B. Russell, Wichita Falls, for petitioner.

Holly Crampton, Wichita Falls, for respondent.

PER CURIAM.

The question presented in this case is whether an employer is entitled to summary judgment in a retaliatory discharge action brought under the Workers' Compensation Law when a legitimate, non-discriminatory reason for the discharge is established and the employee fails to produce any evidence of retaliatory motive. The trial court granted summary judgment, and the court of appeals reversed. 876 S.W.2d 173. We reverse the court of appeals.

Mark Carrozza, an employee of Texas Division–Tranter, Inc., was injured on the job and received compensation benefits and medical leave. After he recovered, Carrozza did not report to work the day he was scheduled to return or the next several days. Carrozza did not inform Tranter before or during his absence that he would not be reporting to work as scheduled. Consequently, Tranter terminated Carrozza for violating the "three-day rule" in its collective bargaining agreement. This rule calls for the mandatory termination of any employee who, failing special circumstances, is absent three consecutive work days without receiving permission beforehand, or giving notice during those three days. Carrozza filed a grievance with his union and sought arbitration. After a hearing, the arbitrator denied Carrozza's grievance, finding that he had been properly terminated. Carrozza then sued Tranter for discharging him in retaliation for having made a compensation claim, as prohibited by TEX. LABOR CODE § 451.001 (formerly TEX. REV.CIV.STAT.ANN. art. 8307c). Tranter moved for and was granted summary judgment.

Tranter's summary judgment evidence included affidavits of supervisory and administrative personnel to the effect that Carrozza's termination was unrelated to his compensation claim, and that he was terminated solely for violating the three-day rule. Uniform enforcement of a reasonable absence-control provision, like the three-day rule in this case, does not constitute retaliatory discharge. *See Palmer v. Miller Brewing Co.*, 852 S.W.2d 57, 61 (Tex.App.—Fort Worth 1993, writ denied); *Parham v. Carrier Corp.*, 9 F.3d 383 (5th Cir.1993); *Unida v. Levi Strauss & Co.*, 986 F.2d 970 (5th Cir.1993); *Swearingen v. Owens–Corning Fiberglas Corp.*, 968 F.2d 559 (5th Cir.1992). Tranter's affidavits, although from interested witnesses, were clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, as required by TEX.R.CIV.P. 166a(c). They could also have been readily controverted, as that rule also requires, by evidence of facts and circumstances belying Tranter's neutral explanation and thereby raising a material issue of fact. Carrozza, however, offered no evidence challenging

**314** ■ ▬▬▬▬▬▬▬▬▬▬▬

Tranter's explanation that he was terminated solely for violating the three-day rule. Absent such controverting evidence, summary judgment based upon Tranter's affidavits was proper. *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex.1989).

■ Carrozza did not deny that he violated the three-day rule, but averred in his own affidavit only the following:

I, in good faith, believe that I was terminated from Trantor [sic], Inc. because I filed a Worker's Compensation claim against the company.

I know of other people who used to be employees of Trantor who were also fired because they made Worker's Compensation claims.

I believe that I was a good employee and that no other legitimate reason for my termination existed.

I had been an employee of Trantor for thirteen years.

Carrozza's subjective beliefs are no more than conclusions and are not competent summary judgment evidence. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972). Carrozza's assertion that other employees were wrongfully terminated, if relevant, is also conclusory and fails to indicate the basis of Carrozza's knowledge. *See Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984) and *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 762 (Tex.1988). Carrozza offered no evidence, either circumstantial or direct, which would call into question Tranter's explanation that the termination was the result of non-discriminatory application of the three-day rule. Under these circumstances, the trial court properly found that Tranter established its right to summary judgment.

Accordingly, a majority of the Court grants Tranter's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment that Carrozza take nothing against Tranter. TEX.R.APP.P. 170.