Tommy Jenkins v. Guardian Industries, Corp. and Charles Hicks
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-028-CV

     TOMMY JENKINS,
                                                                         Appellant
     v.

     GUARDIAN INDUSTRIES, CORP.
     AND CHARLES HICKS,
                                                                         Appellees
 

From the 13th District Court
Navarro County, Texas
Trial Court # 95-00-06058-CV
                                                                                                                
                                                                                                            
CONCURRING AND DISSENTING OPINION
                                                                                                                
   
      The summary judgment evidence establishes certain facts as undisputed. Jenkins worked
for Guardian. He was hurt on the job. He was allowed to work on light duty in the warehouse
until his first surgery. Under Guardian’s Health Plan Benefits, Jenkins’s employment was
deemed terminated when he ceased active work in March 1993. However, his benefits
continued under that plan because of his injury. He remained off work and filed for long term
disability, which was approved. When he was notified that his long term disability had been
approved he was also notified that because he was not totally disabled, those benefits were
about to terminate and as a result, his health plan coverage would also terminate. After
receiving this notice he returned to his doctor and wanted to be given a release to return to
work, “full duties.” He obtained the release. Twelve days later he presented himself at
Guardian and wanted to return to work. Guardian reviewed the situation and offered him the
only job vacancy subject to his satisfactory completion of a return to work physical. He failed
the physical. Having no position vacant that he could perform at that time, Guardian notified
Jenkins that they could not return him to work with his current physical restrictions and that he
should seek other employment.
      Jenkins sued Guardian claiming: (1) that he was discriminated against because of his
disability; and (2) that he was terminated in retaliation for having filed a workers compensation
claim. Guardian’s response is that he cannot perform the essential functions of the only job
available at the time the decision had to be made.



      Guardian moved for summary judgment. The trial court granted it. We must decide if the
summary judgment proof entitled Guardian to judgment as a matter of law. The majority holds
that Jenkins’s controverting evidence raised fact questions that entitled him to a trial on the
merits. Because I believe that Guardian’s summary judgment evidence entitled it to judgment
as a matter of law, I respectfully dissent.
DISCRIMINATION BECAUSE OF A DISABILITY?
      Jenkins has successfully confused the issues on the disability claim by questioning whether
he can “reasonably perform a job if Guardian will fulfill its obligation to make ‘reasonable
accommodation.’ The types of reasonable accommodation which he suggests include: 1)
assigning him to light duty work; 2) assigning him to a position occupied by a temporary
worker; or 3) allowing him to take vacation time or unpaid leave until a job that he could
perform became available.” Jenkins v. Guardian Industries, Corp., et al, No. 10-99-028-CV,
slip op. at 14 (Tex. App.—Waco March 22, 2000).
      Assigning to Light Duty Work
      The summary judgment evidence establishes that at times Guardian has temporarily
accommodated employees by letting them work light duty. The summary judgment evidence
also establishes that Guardian accommodated Jenkins in a similar manner from the time he was
injured until the time of his surgery. What the summary judgment evidence also established is
that Guardian has not made a permanent light duty position for any employee. The
accommodation that Jenkins demands of Guardian is to create a permanent light duty position
by altering its system of internal duty rotations, which Guardian has implemented for the safety
of its workers. Additionally, the only light duty work in the rotation is in the warehouse and
there was no vacant warehouse position at the time Jenkins wanted to be returned to work. 
Guardian is not required to create a job for Jenkins that he can perform. Foreman v. Babcock
& Wilcox Co., 117 F.3d 800, 809 (5th Cir.), cert. denied, 118 S.Ct. 1050 (1998) (“An
employer is not required to create ‘light duty’ jobs to accommodate.”); Turco v. Hoescht
Celanese Chemical Group, Inc., 101 F.3d 1090, 1094 (5th Cir. 1996); Champ v. Baltimore
County, 884 F. Supp. 991 (Md. 1995), aff’d, 91 F.3d 129 (4th Cir. 1996) (no permanent light
duty position required).
      Replace a Temporary Worker
      Jenkins contends that Guardian should fire a “temporary worker” in the warehouse to
create a vacancy that he could then be given. First, Guardian does not have to face the
dilemma of firing one worker, temporary or not, to create a position for Jenkins. Foreman,
117 F.3d at 809-810 (“For the accommodation of a reassignment to be reasonable, it is clear
that a position must first exist and be vacant.”); White v. York Intern. Corp., 45 F.3d 357, 362
(10th Cir. 1995) (“However, the ADA does not require an employer to promote a disabled
employee as an accommodation, nor must an employer reassign the employee to an occupied
position, nor must the employer create a new position to accommodate the disabled worker.”). 
To hold otherwise elevates Jenkins above his employee-at-will status to being entitled to
displace another worker. Second, even if one of the temporary workers were fired to allow
Jenkins an opening, it is undisputed that without permanently altering the job rotation and
making the job a permanent light duty position, as discussed above, Jenkins’s disability would
prevent him from being able to fulfill the essential functions of the position.
      Vacation Time or Unpaid Leave
      When Jenkins arrived at Guardian to return to work he presented Guardian with no
alternative other than putting him to work. He did not request that he be allowed to take his
vacation time to await a possible opening before he was terminated. He did not request to be
put on unpaid administrative leave to await a possible opening. He wanted to return to work
immediately but was unable to perform the essential functions of the only job that was
available at that time. Jenkins’s attempt to raise the “accommodation” only after he has filed
suit, when it clearly was not an alternative at the time, should be summarily rejected.
      In summary, as a matter of law, the accommodations suggested by Jenkins were not
reasonable. The only summary judgment evidence was that there was no accommodation that
could be made to allow Jenkins to be able to perform the only job available at the time the
decision had to be made.
RETALIATION?
      Jenkins relies on these reasons for both the discrimination claim and the retaliation claim. 
He also submits some additional circumstantial evidence in support of his retaliation claim. 
None of the evidence contradicts the fact that there is no job at Guardian for which Jenkins
could perform the essential functions unless Guardian terminated a temporary worker and
created a permanent light duty position in the warehouse specifically for him.
      The principle case both parties and the majority rely upon is Continental Coffee. 
Continental Coffee Products Co. v. Cazarez, 937 S.W.2d 444 (Tex. 1996). Cazarez presented
a list of circumstantial evidence to prove the causal connection between the alleged retaliation
and her termination. Jenkins and the majority list much of the same type circumstantial
evidence to also establish the causal connection. Guardian has not contested Jenkins’s ability
to produce some evidence of causal connection. However, Jenkins and the majority also
attempt to use the same evidence to establish that the stated reason for discharge is false. This
is not proper.
      In Continental, the stated reason for firing Cazarez was for violation of the three-day rule
(a rule which requires an employee to contact the employer to explain extended absences every
three days). The court stated:
If an employee’s termination is required by the uniform enforcement of a
reasonable absentee policy, then it cannot be the case that termination would
not have occurred when it did but for the employee’s assertion of a
compensation claim or other conduct protected by section 451.001. Thus, if
Continental enforced the rule uniformly, and if Cazarez violated it, then
Cazarez could not have been terminated in violation of the Anti-Retaliation
Law.

Id. at 451.
      According to Continental, Cazarez was terminated because she failed to call in to account
for her absence on November 6, 7, and 8 and that she was thus properly fired on the 8th. 
However, Cazarez introduced evidence to establish that the stated reason for termination was
false. She introduced evidence to establish she was fired on the 7th, before the 3 day rule was
violated. The court stated; “Crediting Cazarez’s testimony, as we must, there is some
evidence that she did not violate the three-day rule.” Id. at 451.


 This was the evidence
Cazarez introduced to raise a fact question on whether the stated reason for termination was
false. Evidence which does nothing more than show an improper motive does not raise a fact
issue on whether the stated reason for discharge is false. It must be evidence which
specifically raises a fact question on whether the reason for termination established by the
summary judgment evidence is false. Id., see Texas Division-Tranter, Inc. v. Carrozza, 876
S.W.2d 312, 313-14 (Tex. 1994).
      Jenkins’s proffered evidence does not raise a fact issue on the essential element of his
claim which Guardian refuted as a matter of law. There was no job available on the date of the
employment decision that Jenkins could perform, and the only accommodations that Jenkins
suggested were not reasonable accommodations because they would amount to firing an
employee or worker and creating a permanent light duty position that did not currently exist. 
To avoid a pointless trial, the trial court granted Guardian the summary judgment to which it
was entitled. I would affirm the summary judgment as to Guardian.
      I concur in the summary judgment as to Charles Hicks for the reasons expressed by the
majority.


                                                                   TOM GRAY
                                                                   Justice

Concurring and dissenting opinion delivered and filed March 22, 2000
Publish