Joseph Earl **CAVENDER**, Appellant,

v.

**HOUSTON DISTRIBUTING COMPANY, INC.,**
Appellee.

No. 01–03–00753–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 2004.

---

**3.** Indeed, the record reflects that Villalon filed    suit in district court on this very basis.

Dawn F. Lin, Law Offices of Lin & Associates, Houston, TX, for Appellant.

R. Michael Moore, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HIGLEY.

## OPINION

SAM NUCHIA, Justice. ·

Appellant, Joseph Earl Cavender, sued appellee, Houston Distributing Company, Inc., for wrongful termination of his employment in violation of section 451.001 of the Texas Labor Code. A jury found in favor of appellee, and the trial court rendered judgment that appellant take nothing. We affirm.

## BACKGROUND

Appellant was injured in the course and scope of his employment with appellee and filed a workers' compensation claim. Appellant began his leave due to his injury on August 10, 2000 and was released by his physician to return to work on October 21, 2001. During appellant's employment with appellee, it was appellee's policy to discharge an employee who had missed more than 180 consecutive days of work. Consistent with this policy, appellee terminated appellant's employment on June 22, 2001 for having missed more than 180 consecutive days of work. Appellant then sued appellee for wrongful termination for filing a workers' compensation claim.

The case was tried to a jury. In the court's charge, the jury was asked,

Did Houston Distributing Company, Inc. discharge Joseph Earl Cavender because he filed a worker's compensation claim in good faith?

There may be more than one cause for an employment decision. An employer does not discharge an employee for filing a worker's compensation claim in good faith if the employer would have discharged the employee when it did even if the employee had not filed a worker's compensation claim in good faith.

Answer "Yes" or "No."

The jury answered "No." The trial court rendered a take-nothing judgment against appellant and in favor of appellee.

## DISCUSSION

Appellant presents a single issue on appeal: "Houston Distributing Company, Inc. violated Joseph Earl Cavender's rights, under Texas Labor Code § 451.001, as a matter of law." Section 451.001 provides in pertinent part:

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith. . . .

TEX. LABOR CODE ANN. § 451.001 (Vernon 1996). Appellant reasons as follows: appellant was discharged for having missed more than 180 consecutive days from work; the only reason appellant missed more than 180 consecutive days from work was that he was on workers' compensation leave due to his injury; therefore, appellant was discharged because he applied for workers' compensation benefits. Appellant's reasoning is not supported by Texas case law.

The Supreme Court of Texas has held that "[u]niform enforcement of a reason-

able absence-control provision ... does not constitute retaliatory discharge." *Tex. Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex.1994). Carrozza, who had been on workers' compensation leave, was discharged for violating a three-day rule after he recovered. *Id.* The three-day rule called for the mandatory termination of any employee who was absent three consecutive work days without receiving prior permission or giving notice during the three days. *Id.* The plaintiff sued, contending that he was discharged because he had filed a workers' compensation claim. *Id.* The supreme court determined that the plaintiff offered no evidence to controvert Tranter's explanation that the plaintiff was discharged as a result of the nondiscriminatory application of the three-day rule. *Id.* at 313–14.

 Appellant cites *Continental Coffee Products Co. v. Cazarez*, a case that also involved termination for violation of a three-day rule. 937 S.W.2d 444 (Tex. 1996). Appellant quotes *Cazarez*, which states, "The three-day rule did not apply while Cazarez was on compensation leave" and "The three-day rule applies to employees receiving workers' compensation benefits as soon as they are released to return to work by their treating physician." *Id.* at 446, 451. Appellant interprets these statements as legal rulings of the court. They are not. Rather, they further explain the three-day rule as applied by the employer, Continental. Nevertheless, based on his incorrect premise, appellant argues that "it appears that the Court would follow the opinion of the Attorney General of Texas[1] and the holdings of other jurisdictions[2] that an employer cannot terminate an employee for the sole reason that the employee misses time from work while on worker's compensation leave." Appellant cites no Texas cases to support his argument.

Nothing in the supreme court's opinions in *Cazarez* and *Carrozza* indicates that the court would limit its holding to absence-control provisions outside workers' compensation leave. In fact, in *Carrozza*, the court cited, with approval, two Federal Fifth Circuit Court of Appeals cases in which the plaintiffs were discharged, while on workers' compensation leave, as a result of the enforcement of an absence-control policy. *See* 876 S.W.2d at 313.

We overrule appellant's sole issue and affirm the judgment of the trial court.

**1.** Appellant is apparently referring to Attorney General Opinion No. JM–227, issued on November 7, 1984, in which the attorney general stated that a state agency may not terminate its employees who are on workers' compensation leave based on a policy that automatically terminates any employee who is absent more than six weeks. Op. Tex. Att'y Gen. No. JM–227 (1984). Attorney General's opinions, although persuasive authority, are not binding on the courts of this state. *See Houston Indep. Sch. Dist. v. Houston Chronicle Pub. Co.*, 798 S.W.2d 580, 588 (Tex.App.-Houston [1st Dist.] 1990, writ denied). Moreover, Opinion No. JM–227 has been impliedly overruled by the Supreme Court's decision in *Continental Coffee Products Co. v. Cazarez* and *Texas Division–Tranter, Inc. v. Carrozza*. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 451 (Tex.1996); *Tex. Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex.1994).

**2.** Appellant cites Ohio, Kansas, Maine, and California decisions to support his position that an employer cannot terminate an employee for being absent from work while on workers' compensation leave. *See Coolidge v. Riverdale Local Sch. Dist.*, 100 Ohio St.3d 141, 797 N.E.2d 61 (2003); *Pilcher v. Bd. of County Comm'rs*, 14 Kan.App.2d 206, 787 P.2d 1204 (1990); *Lindsay v. Great N. Paper Co.*, 532 A.2d 151 (Me.1987); *Judson Steel Corp. v. Workers' Comp. Appeals Bd.*, 22 Cal.3d 658, 150 Cal.Rptr. 250, 586 P.2d 564 (1978).