Opinion issued July 1, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00753-CV




JOSEPH EARL CAVENDER, Appellant

V.

HOUSTON DISTRIBUTING COMPANY, INC., Appellee




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2002-00592




O P I N I O N
           Appellant, Joseph Earl Cavender, sued appellee, Houston Distributing Company, Inc.,
for wrongful termination of his employment in violation of section 451.001 of the Texas
Labor Code. A jury found in favor of appellee, and the trial court rendered judgment that
appellant take nothing. We affirm. 
 

BACKGROUND
           Appellant was injured in the course and scope of his employment with appellee and
filed a workers’ compensation claim. Appellant began his leave due to his injury on August
10, 2000 and was released by his physician to return to work on October 21, 2001. During
appellant’s employment with appellee, it was appellee’s policy to discharge an employee who
had missed more than 180 consecutive days of work. Consistent with this policy, appellee
terminated appellant’s employment on June 22, 2001 for having missed more than 180
consecutive days of work. Appellant then sued appellee for wrongful termination for filing
a workers’ compensation claim. 
           The case was tried to a jury. In the court’s charge, the jury was asked, 
Did Houston Distributing Company, Inc. discharge Joseph Earl
Cavender because he filed a worker’s compensation claim in good faith?
 
There may be more than one cause for an employment decision. An
employer does not discharge an employee for filing a worker’s compensation
claim in good faith if the employer would have discharged the employee when
it did even if the employee had not filed a worker’s compensation claim in
good faith. 
 
Answer “Yes” or “No.”

           The jury answered “No.” The trial court rendered a take-nothing judgment against
appellant and in favor of appellee. 
DISCUSSION
           Appellant presents a single issue on appeal: “Houston Distributing Company, Inc.
violated Joseph Earl Cavender’s rights, under Texas Labor Code § 451.001, as a matter of
law.” Section 451.001 provides in pertinent part: 
A person may not discharge or in any other manner discriminate against
an employee because the employee has: 
 
(1) filed a workers’ compensation claim in good faith . . . .

Tex. Labor Code Ann. § 451.001 (Vernon 1996). Appellant reasons as follows: appellant
was discharged for having missed more than 180 consecutive days from work; the only
reason appellant missed more than 180 consecutive days from work was that he was on
workers’ compensation leave due to his injury; therefore, appellant was discharged because
he applied for workers’ compensation benefits. Appellant’s reasoning is not supported by
Texas case law. 
           The Supreme Court of Texas has held that “[u]niform enforcement of a reasonable
absence-control provision . . . does not constitute retaliatory discharge.” Tex.
Division–Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex. 1994). Carrozza, who had
been on workers’ compensation leave, was discharged for violating a three-day rule after he
recovered. Id. The three-day rule called for the mandatory termination of any employee who
was absent three consecutive work days without receiving prior permission or giving notice
during the three days. Id. The plaintiff sued, contending that he was discharged because he
had filed a workers’ compensation claim. Id. The supreme court determined that the
plaintiff offered no evidence to controvert Tranter’s explanation that the plaintiff was
discharged as a result of the nondiscriminatory application of the three-day rule. Id. at 313-14. 
           Appellant cites Continental Coffee Products Co. v. Cazarez, a case that also involved
termination for violation of a three-day rule. 937 S.W.2d 444 (Tex. 1996). Appellant quotes
Cazarez, which states, “The three-day rule did not apply while Cazarez was on compensation
leave” and “The three-day rule applies to employees receiving workers’ compensation
benefits as soon as they are released to return to work by their treating physician.” Id. at 446,
451. Appellant interprets these statements as legal rulings of the court. They are not. 
Rather, they further explain the three-day rule as applied by the employer, Continental. 
Nevertheless, based on his incorrect premise, appellant argues that “it appears that the Court
would follow the opinion of the Attorney General of Texas


 and the holdings of other
jurisdictions


 that an employer cannot terminate an employee for the sole reason that the
employee misses time from work while on worker’s compensation leave.” Appellant cites
no Texas cases to support his argument. 
           Nothing in the supreme court’s opinions in Cazarez and Carrozza indicates that the
court would limit its holding to absence-control provisions outside workers’ compensation
leave. In fact, in Carrozza, the court cited, with approval, two Federal Fifth Circuit Court
of Appeals cases in which the plaintiffs were discharged, while on workers’ compensation
leave, as a result of the enforcement of an absence-control policy. See 876 S.W.2d at 313.
           We overrule appellant’s sole issue and affirm the judgment of the trial court.
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Alcala, and Higley.