TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00696-CV






James Key, Appellant


v.


Lockhart Independent School District and, Appellee








FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT

NO. 01-0-391, HONORABLE CHARLES R. RAMSEY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant James Key sued his former employer Lockhart Independent School District
(Lockhart) alleging that he had been discharged in retaliation for filing a workers' compensation
claim after being injured on the job. See Tex. Lab. Code. Ann. § 451.001 (West 1996). Lockhart
sought both traditional summary judgment and no-evidence summary judgment. The trial court
granted Lockhart's summary-judgment motion without specifying the grounds on which the motion
was granted. Key appeals the trial court's summary judgment in favor of Lockhart. Because Key
did not rebut Lockhart's legitimate justification for dismissing Key, we affirm the summary
judgment.


FACTUAL BACKGROUND


 Key was hired by Lockhart as a paraprofessional instructional aide in the special
education department for the 2000-2001 school year. He was employed on an at-will basis. In
September 2000, Key injured his knee at work while attempting to break up an altercation between
two students. Key's doctor recommended physical therapy in advance of surgery. Key was advised
by Lockhart that he could not work only half-days in order to accommodate his physical therapy, so
Key left his job and initiated a claim for workers' compensation. Key began receiving workers'
compensation and remained away from his job for several months. Physical therapy aggravated
Key's knee injury, and his doctor recommended surgery. Against his doctor's advice, however, Key
returned to work in late April 2001 for fear that he would be terminated if he did not complete the
school year prior to his surgery. 

 Upon his return, Key was informed by the principal at his school that his position was
to be eliminated due to a reduction in force at the school district. Key was given a copy of an "exit
report of school employee" form signed by his principal, dated May 25, 2001, indicating that his
position had been "riffed." The term "riffed" refers to the elimination of a job due to a budgetary
reduction in force. The form indicated, however, that it was "not to be used as notice to [an]
employee." Key received a letter from the school district dated June 8, 2001, giving him "notice of
reasonable assurance of continued employment" for the following school year. The notice provided,
however:


This assurance is contingent on continued school operations and will not apply in the
event of any disruption that is beyond the control of the district (e.g., lack of school
funding, natural disasters, court orders, public insurrections, war, etc.)

Nothing contained herein constitutes an employment contract. Your continued
employment is on an at-will basis. At-will employers may terminate employees at
any time for any reason or for no reason, except legally impermissible reasons.



On June 12, 2001, Assistant Superintendent Theresa Ramirez sent a letter to Key clarifying that the
notice of assurance had been sent in error, that Key's position had been proposed for a reduction in
force for the 2001-2002 school year, and that his employment with the district had ended. Key filed
a grievance with the superintendent seeking reinstatement. The superintendent denied Key's
grievance in a letter dated July 16, 2001. Key filed an appeal to the Lockhart Board of Trustees (the
Board) which was denied.

 On July 10, 2001, the Board voted to eliminate nine paraprofessional positions
including one special education-secondary instructional aide in order to balance the school district
budget. The minutes from an earlier meeting of the Board indicated a projected budget shortfall of
$779,000 for the 2001-2002 school year. An August 2001 report, however, projected a budget
surplus for the 2001-2002 school year of over $300,000.


DISCUSSION


 Key's only issue on appeal is his challenge to the trial court's summary judgment.
Lockhart sought both traditional summary judgment and no-evidence summary judgment, and the
trial court granted Lockhart's motion without specifying the grounds it relied upon.


Standard of Review

 The standard for reviewing traditional summary judgments is well established: (1)
the movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the non-movant will be
taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). The function of summary judgment is not to deprive litigants of the right
to trial by jury but to eliminate patently unmeritorious claims and defenses. Swilley v. Hughes, 488
S.W.2d 64, 68 (Tex. 1972). We will affirm a summary judgment on appeal if any ground asserted
in the motion for summary judgment is valid. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
626 (Tex. 1996). Thus, a party moving for summary judgment must conclusively prove all elements
of its cause of action or defense as a matter of law. Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 223 (Tex. 1999); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).

 A no-evidence summary judgment is properly granted if the non-movant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the non-movant's claim on which the non-movant would have the burden of
proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). Thus, a no-evidence summary judgment is essentially a pretrial directed verdict,
and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as
we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, 979 S.W.2d 68, 70 (Tex.
App.--Austin 1998, no pet.). Our task is to determine whether the plaintiff has produced any
evidence of probative force to raise fact issues on the material questions presented. See id. We must
consider all the evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in its favor. Havner, 953 S.W.2d at 711.

 Where the trial court does not specify the grounds on which a summary judgment is
based, we must affirm if any theories advanced in support of summary judgment are meritorious. 
See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

 Section 451.001 of the labor code prohibits an employer from discharging an
employee in retaliation for the good faith filing of a workers' compensation claim. An employee
may recover damages for retaliatory discharge under this provision only if he proves that without his
filing a workers' compensation claim, the discharge would not have occurred when it did.
Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). A burden-shifting
analysis is applied to a retaliatory discharge claim. La Tier v. Compaq Computer Corp., 123 S.W.3d
557, 561 (Tex. App.--San Antonio 2003, no pet.) (citing M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 24 (Tex. 2000)). The plaintiff bears the initial burden of establishing a
causal link between the termination and the filing of a claim for workers' compensation benefits. 
Id. Once this burden is met, the employer must rebut the alleged discrimination by showing that
there was a legitimate reason for the employee's termination. Id. If the employer establishes a non-retaliatory reason for the discharge, the burden shifts back to the employee either to present evidence
raising a fact issue on whether the reason for termination was a pretext for the discrimination, or to
challenge the employer's summary judgment evidence as failing to prove as a matter of law that the
reason given was a legitimate, nondiscriminatory reason. Id.; Texas Division-Tranter, Inc. v.
Carrozza, 876 S.W.2d 312, 313 (Tex. 1994).


Causal Link

 Corresponding with Lockhart's no-evidence summary judgment argument, we first
consider whether Key's evidence raised an issue of material fact on each of the elements of a prima
facie showing that Lockhart eliminated his position because he filed a workers' compensation claim. 
See La Tier, 123 S.W.3d at 562. In considering whether a plaintiff has established a prima facie case
under section 451.001, the supreme court has discussed a variety of forms of evidence that may
establish a causal link between an employee's termination and the filing of a workers' compensation
claim. See Cazarez, 937 S.W.2d at 451. These include: (1) knowledge of the compensation claim
by those making the decision on termination; (2) expression of a negative attitude toward the
employee's injured condition; (3) failure to adhere to established company policies; (4)
discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the
stated reason for the discharge was false. Id.

 Key asserts that he made a prima facie showing that there was a causal link between
his termination and the filing of his workers' compensation claim because Lockhart had knowledge
of his claim, it failed to adhere to established policies regarding the discharge of employees, and
there was evidence that the stated reasons for Key's discharge were false because an August 2001
report projected a budget surplus. See id. Key presented evidence that his principal was aware of
his workers' compensation claim and that his principal made the initial decision to discharge him. 
Key states in his affidavit that his principal advised him upon returning to work that his employment
with the district would cease at the end of the school year. He was also given a form signed by his
principal indicating that his position was being "riffed." Both of these incidents occurred well before
the Board decided to eliminate an instructional aide position on July 10, 2001. A trier of fact could
reasonably infer from this evidence that Key's principal, who certainly knew Key's absence was
related to his workers' compensation claim, had made the decision to terminate Key. Furthermore,
Key states in his affidavit that the school district informed him that he should make a workers'
compensation claim and take off work for his physical therapy. There is also a Texas Workers'
Compensation Commission form signed by Lockhart's finance director indicating that the district
was aware of Key's claim. Even if the decision to discharge Key originated from the school district,
there is evidence that the decision-maker was aware of Key's claim.

 Key's communications with his principal upon returning to work and the form
indicating that his position had been "riffed" also lend credence to his assertion that the district failed
to adhere to established policies. According to Lockhart policy, the Board delegated the authority
to employ and dismiss at-will paraprofessionals such as Key to the superintendent. The evidence
indicates that Key's principal, not the superintendent, made the initial decision to discharge Key. 
In fact, the superintendent did not inform Key of his discharge until June 12, 2001, four days after
sending him a letter confirming his employment for the following year. This evidence could 
reasonably be viewed to indicate that the district failed to adhere to its established policies in
discharging Key.

 Contrary to Key's assertions, however, we do not regard the August 2001 report
projecting a small budget surplus as evidence that Lockhart's stated reason for Key's discharge was
false. The August 2001 report was made after spending cuts, including the elimination of Key's job
and eight others, were factored into Lockhart's budget. The fact that Lockhart's cost-cutting
measures were effective does not, in any way, undermine its justification for eliminating Key's
position.

 Key produced evidence that his principal and the district were aware of his claim, and
that the district failed to adhere to established procedures in discharging him. We hold that this
evidence raised an issue of material fact as to Key's prima facie showing that he was discharged
because he filed a workers' compensation claim.


Legitimate Reason and Pretext

 Once Key made a prima facie showing of retaliation, Lockhart bore the burden of
establishing a legitimate reason for Key's discharge. See La Tier, 123 S.W.3d at 561. An
employer's legitimate non-discriminatory reason for a termination shifts the burden back to the
employee to either: (1) present evidence raising a fact issue on whether the reason for termination
was a pretext for the discrimination; or (2) challenge the employer's summary judgment evidence
as failing to prove as a matter of law that the reason given was a legitimate, nondiscriminatory
reason. Id. Key does not dispute that Lockhart met its burden. Lockhart superintendent Tony Jones
stated in his affidavit that Key was discharged because the district eliminated one of its instructional
aide positions in order to balance the budget and Key was the least senior of the two employees in
that position. This explanation is bolstered by the consistent statements and correspondence to Key
that his position was being "riffed." We hold that Lockhart conclusively established its burden of
providing a legitimate, nondiscriminatory reason for discharging Key. See Rhone-Poulenc, Inc., 997
S.W.2d at 223 (traditional summary-judgment movant must conclusively establish elements of
defense as matter of law).

 Because Lockhart supplied proof of a legitimate reason for Key's discharge, Key
retained the ultimate burden to show that the Lockhart's justification for Key's discharge was a
pretext for its retaliatory motive. See La Tier, 123 S.W.3d at 564. Key relies only on the evidence
supporting his prima facie showing to establish that Lockhart's budgetary concerns were only a
pretext for its retaliatory motive. Therefore, Key's only evidence that Lockhart's justification for
discharging Key was false is that Lockhart was aware of his claim, that it failed to follow proper
procedure in discharging him, and that after making budget cuts--including eliminating Key's
position--Lockhart had a small budget surplus. We do not see anything inconsistent with Lockhart's
stated reason for discharging Key in the fact that Lockhart was aware of Key's workers'
compensation claim and that it failed to follow established procedures by giving Key advanced
notice that his position would be eliminated due to budget cuts. Furthermore, the fact that the
spending cuts that eliminated Key's position were successful in balancing Lockhart's budget does
not rebut Lockhart's stated purpose for making the cut; rather it confirms it. Because Key failed to
present even a scintilla of evidence that Lockhart's legitimate reason for Key's discharge was a
pretext for a retaliatory motive, we hold that the trial court properly granted Lockhart's summary-judgment motion. 


CONCLUSION


 We overrule Key's only issue and affirm the summary judgment.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: July 29, 2004