

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00455-CV

IN RE: A PURPORTED LIEN OR CLAIM

MILISSA KAY BISHOP

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-12-00639, Honorable Jon Wisser, Presiding

December 4, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Before us is a restricted appeal by Wells Fargo Bank, N.A. (Wells Fargo).[1] The latter, through the appeal, attacks a Judicial Finding of Fact and Conclusion Regarding a Documentation or Instrument Purporting to Create a Lien or Claim. The two documents or instruments encompassed by the Judicial Finding and purporting to create a lien or claim are an "Appointment of Substitute Trustee" and a "Notice of Substitute Trustee Sale." The trial court found, through the procedures established by

---

[1] The Federal National Mortgage Association acknowledged, through its counsel of record and via its reply brief, that it lacked standing to prosecute the appeal. Thus, we dismiss it as a party to the appeal.

§51.903 of the Texas Government Code, that the two items 1) did not create valid liens or claims, 2) were not provided for by State or Federal statute or constitutional provision, 3) were not created via the consent of the debtor, obligor, or owner of the property allegedly encumbered or the representative of any of those individuals, 4) were not equitable, constructive or other type of lien imposed by a court of competent jurisdiction and recognized under State or Federal law, and 5) were "NOT properly asserted against real or personal property" or an interest therein. These findings were made in response to a motion filed by Milissa Kay Bishop, through her attorney. According to Wells Fargo, those findings were improperly made. We reverse.

*Preliminary Matters*

1.      *Reference to Purported Evidence Missing from the Record*

In reviewing the appeal, we restrict our consideration to the evidence encompassed within the appellate record. *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.). Evidentiary material to which the parties refer (as they do here at times) and which is omitted from that record (as it is here at times) cannot be considered for purposes of determining whether the trial court erred. *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.). And, it matters not whether the litigants attached the information to their briefs or in an appendix accompanying their briefs. *Id.*

2.      *Jurisdiction*

Ms. Bishop questions our jurisdiction to entertain the appeal by arguing that Wells Fargo lacked standing to appeal from the findings. We disagree.

2

The general test for standing is whether a controversy exists between the parties that will be actually determined by the judicial declaration sought. *Montenegro v. Ocwen Loan Servicing, LLC*, No. 07-12-00297-CV, 2013 Tex. App. Lexis 14092, at *8 (Tex. App.—Amarillo November 18, 2013, no pet. h.). With this in mind, we see that the "Appointment of Substitute Trustee" was executed by Wells Fargo and identified Bishop as the grantor of a deed of trust and Wells Fargo as the mortgagee and mortgage servicer of that debt. Through it, Wells Fargo appointed Tobey Latham, Wendy Alexander, or Steve Utley as said substitute trustee and instructed them to "conduct and direct the execution of remedies" provided for in Bishop's deed of trust. The "Notice of Substitute Trustee Sale" also identified Wells Fargo as the "mortgagee" and "mortgage servicer" of the very same Bishop mortgage. It also disclosed that Tobey Latham both executed the document and scheduled a foreclosure of the Bishop mortgage wherein Wells Fargo is the mortgagee.

So, what we have before us is a dispute involving the validity of documents executed by Wells Fargo and its representatives. The documents pertain to a deed of trust created by Bishop and under which Wells Fargo is the beneficiary.[2] With those documents, Wells Fargo was preparing to enforce a contractual right to foreclosure purportedly granted it by Bishop in that deed of trust. And, in attempting to have the documents declared invalid, Bishop sought to prevent Wells Fargo from exercising its contractual right to foreclose, or at least one could reasonably deduce. From these circumstances, we cannot but conclude that there exists a real controversy between Bishop and Wells Fargo that will be determined by the judicial declaration sought.

---

[2] No one disputed below the status of Wells Fargo as mortgagee or mortgage servicer of the Bishop mortgage. Nor is the legitimacy of that claim subject to dispute via the statutory procedure at bar. *See* TEX. GOV'T CODE ANN. § 51.903 (West 2013).

And that Bishop considers Latham, Utley, and Alexander the actual parties to the litigation because they were named substitute trustees by Wells Fargo is nonsensical given Bishop's acknowledgement that they were and are the agents of Wells Fargo. An agent acts on behalf of his principal. *See Reid Road Mun. Utility Dist. No. 2 v. Speedy Stop Food Stores, Ltd*, 337 S.W.3d 846, 853 (Tex. 2011). So the entity with the actual dog in this hunt is not the three named substitute trustees but their principal, Wells Fargo.

*Accuracy of the Findings of the Trial Court*

Pursuant to § 51.903 of the Government Code:

> A person who is the purported debtor or obligor or who owns real . . . property or an interest in real . . . property and who has reason to believe that the document purporting to create a lien or a claim against the real . . . property or an interest in the real . . . property previously filed . . . is fraudulent may complete and file with the district clerk a motion, verified by affidavit . . . that contains, at a minimum, the information in the following suggested form . . . .

TEX. GOVT. CODE ANN. § 51.903(a) (West 2013). Furthermore, a district judge may rule upon the motion *ex parte* after reviewing only the documentation or instrument attached to the motion, without testimonial evidence, and without notice of any kind. *Id.* § 51.903(c). And, that is how the trial court ruled at bar, *ex parte* and after reviewing only the motion, its conclusory factual allusions about the documents being fraudulent, and the documents themselves.[3]

Next, the document being attacked is presumed fraudulent if it purports to create a lien or assert a claim against real property or an interest in real property *and* 1) the document is not provided for by specific state or federal statutes or constitutional

---

[3] We note that unsubstantiated factual conclusions appearing in an affidavit are not competent evidence. *See Tex. Division – Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994).

provisions, 2) is not created by implied or express consent or agreement of the obligor, debtor, or owner of the real property, *or* 3) is not an equitable, constructive, or other lien imposed by a court of competent jurisdiction. *Id.* §51.901(c)(2) (West 2013). The trial court made such findings with respect to these two documents, and, in doing so, erred.

Assuming *arguendo* that documents manifesting an appointment of substitute trustee and notice of a substitute trustee's sale purport to create a lien or assert a claim in property, we note that statute enables a mortgagee or mortgage servicer, such as Wells Fargo here, to appoint substitute trustees. *See* TEX. PROP. CODE ANN. § 51.0075 (c) (West Supp. 2013) (stating that a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee and may make the appointment or authorization by power of attorney, corporate resolution, or other written instrument). So too does statute require notice of the trustee's intended sale. *Id.* § 51.002(b). Therefore, both of these documents at issue are provided for by Texas law. So, they cannot be considered presumptively fraudulent under § 51.901(c)(2).

Accordingly, we reverse the findings and conclusions executed by the trial court, order them to be a nullity, and deny the Motion for Judicial Review of Documents or Instruments Purporting to Create a Lien or Claim.[4]

Brian Quinn
Chief Justice

---

[4] We may reverse a trial court's judgment and render the judgment that the trial court should have rendered. TEX. R. APP. P. 43.2(c).