

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00359-CV

EUNICE WELLS                                                                APPELLANT

V.

TARGET CORPORATION                                                    APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY
TRIAL COURT NO. CIV-13-0258

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent from the majority opinion's conclusion that appellant Eunice Wells raised a fact issue, precluding summary judgment, on the publication element of her defamation cause of action.

Here, appellee Target Corporation established there was no genuine issue of material fact regarding one essential element of Wells's defamation claim—

---

[1]*See* Tex. R. App. P. 47.4.

publication to a third party—in its motion for summary judgment by producing Wells's deposition testimony that her great-grandchildren were not present when the statement was made and that it was "[Wells] alone" to whom the statement was made. *See Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1990). In her deposition, Wells testified that after the Target employee accused her of stealing, the only person who spoke to her, while she was crying, was a lady who "said to me, I love your boots. . . . Where did you buy them?" Nothing about this interaction supports Wells's position that a third person heard the alleged defamatory statement or that the statement was made under circumstances that someone else would have heard it. The burden then shifted to Wells to come forward with competent controverting evidence that raised a fact issue on that element. *Id.* In response, Wells produced her own affidavit in which she stated, for the first time, that the Target employee made the disputed statement "where other people could hear" and that "[o]ther people were around me and did hear the conversation."

A summary judgment may be based on "the uncontroverted affidavit of an interested witness . . . if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). Summary-judgment affidavits, whether produced by the movant or the respondent, must set forth facts and cannot be conclusory. *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). If an affidavit is conclusory, it cannot

2

raise a genuine issue of material fact. *Id.* A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Souder v. Cannon*, 235 S.W.3d 841, 849 (Tex. App.—Fort Worth 2007, no pet.). Subjective beliefs are not susceptible to being readily controverted and, thus, are not competent summary-judgment evidence. *Tex. Div.–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994). Further, a prima-facie case of defamation requires more than the "possibility of publication." David Elder, *Defamation: A Lawyer's Guide* § 1:20 (West 2014); *see also West v. King's Dep't Store, Inc.*, 365 S.E.2d 621, 625 (N.C. 1988) (affirming directed verdict on defamation claim arising out of verbal shoplifting accusation because "no evidence was presented that anyone actually heard the alleged slanderous remarks [accusing plaintiff of shoplifting] or that they were understood" and because "mere possibility that someone might have heard the alleged conversation is not enough" to show publication).

Wells failed to produce competent summary-judgment evidence that a third party heard the defamatory statement. Her affidavit did not provide underlying facts to support her belief that a third party heard the statement. Her subjective belief that other customers heard the statement is not competent as summary-judgment evidence because it is a unilateral determination of the facts or her opinion as to such facts. *See Carrozza*, 876 S.W.2d at 314; *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). While it is true that Wells may testify to her subjective state of mind and her belief about the challenged

3

statements, *see Casso v. Brand*, 776 S.W.2d 551, 559 (Tex. 1989), her averments regarding publication impermissibly attempted to establish the unnamed third parties' subjective knowledge or mental processes. *See Zepeda v. Indus. Site Servs., Inc.*, No. 13-07-00579-CV, 2008 WL 4822205, at *5 (Tex. App.—Corpus Christi Nov. 6, 2008, no pet.) (mem. op.). The missing evidence is not the names of the third parties but instead any underlying facts to support her subjective conclusion that a third party heard what the Target employee allegedly said. Wells did not raise a genuine issue of material fact on the question of publication; thus, I would hold that the trial court correctly granted Target judgment as a matter of law.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

DELIVERED:  April 23, 2015

4