Opinion filed April 2, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00111-CV

_____

## GARRETT MARTIN, Appellant
## V.
## FASKEN OIL AND RANCH LTD., Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC18845**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in favor of Appellee, Fasken Oil and Ranch Ltd., in a suit in which Appellant, Garrett Martin, sought to recover damages for retaliatory discharge under the Texas Workers' Compensation Act. *See* TEX. LAB. CODE ANN. § 451.001 (West 2015). In a single issue, Appellant argues that the trial court erred when it granted Appellee's motion for summary judgment. We affirm.

*Background Facts*

In September 2014, Appellant began working for Appellee. As of January 2015, Appellant was working in the pipe yard, which required him to inspect pipes used for oil production and load them onto storage racks, which were stacked as high as seven feet or more. By nature of his job position, Appellant was at times required to help load pipes as large as seventeen inches in diameter and thirty-five feet in length, which can weigh up to 700 pounds.

In March 2015, Appellant suffered a non-work-related injury to his knee while weightlifting. Accordingly, Appellant was placed on leave of absence until he returned to work in July. Upon his return, Appellant was placed on light duty work with restrictions from his doctor that prohibited him from climbing or lifting, which gradually reduced as his injury healed. On Appellant's first day back at work, Tommy Taylor, Appellee's Director of Oil and Gas Development, further instructed Appellant to comply with the restrictions from his doctor and to refrain from climbing and lifting.

On Tuesday, September 15, 2015, Appellant injured his back while he and two other men were loading pipe onto a forklift. According to Appellant and several of Appellee's employees, the forklift operator motioned at Appellant and the two other men with three fingers, signaling for all three men to lift the pipe onto the forklift. Nevertheless, Appellant proceeded to lift the pipe by himself over express objections by his coworkers warning him that he could injure his back by lifting the pipe alone. Appellant then proceeded to finish his shift without pain but was unable to get out of bed the next morning.

On September 17, Appellant informed Taylor that he had injured his back while moving a pipe, and Taylor asked Vince Hancock, Appellee's safety coordinator, to start an investigation into the cause of Appellant's injury. Through Hancock's investigation, Taylor learned that Appellant had moved the pipe by himself despite his medical restrictions and the admonitions of his coworkers. Importantly, Appellant's e-mail to Taylor, notifying him of the injury, omitted the fact that Appellant had lifted the pipe by himself—a decision he later admitted was unsafe.

After injuring his back, Appellant did not return to work until Monday, September 21, 2015. When he arrived at work on the 21st, he was instructed to go meet with Hancock and Jimmy Carlile concerning his injury. According to Appellant, both Hancock and Carlile instructed Appellant that they could not tell him how to handle his injury. Carlile, however, also allegedly told Appellant about an employee who had injured his hand at work and took care of the medical expenses himself because he knew he caused his own injury. Appellant took Carlile's comments to mean, "[b]asically, do not have a worker's comp claim." Later that afternoon, Appellant decided he wanted to file a workers' compensation claim, which Appellee then reported to its insurance carrier.

The next day, Appellant was observed climbing on top of pipe racks despite having been told to stay on the ground by more than one individual. On Wednesday, September 23, 2015, Taylor informed Appellant that he was being terminated in light of his "unsafe work practices, his inability to follow instructions and his untruthfulness and lack of candor regarding the details of the incident that occurred on September 15, 2015."

3

Appellant filed the current cause of action on July 19, 2016, alleging that Appellee terminated him for filing a workers' compensation claim. Appellee later filed a combined no-evidence and traditional motion for summary judgment, which the trial court granted. This appeal followed.

*Analysis*

On appeal, Appellant argues that the trial court erred when it granted Appellee's motion for summary judgment. We review a summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In this case, Appellee asserted both no-evidence and traditional grounds in its motion for summary judgment. When parties move for summary judgment on both no-evidence and traditional grounds, we first consider the no-evidence grounds. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant fails to overcome the no-evidence motion, there is no need to address the challenges to the traditional motion. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Accordingly, we first review claims under the no-evidence standard, and any claims that survive the no-evidence review will then be reviewed under the traditional standard.

To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements. *See Ridgway*, 135 S.W.3d at 600. A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.

4

1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

In this case, Appellee's no-evidence motion for summary judgment alleged that Appellant had not established a causal connection between his termination and the filing of his workers' compensation claim. The motion additionally alleged that Appellant had no evidence to rebut Appellee's evidence that the decision to terminate Appellant was non-retaliatory.

Section 451.001 of the Texas Labor Code provides that a person may not discharge or in any other manner discriminate against an employee because the employee has (1) filed a workers' compensation claim in good faith, (2) hired a lawyer to represent the employee in a claim, (3) instituted or caused to be instituted in good faith a workers' compensation proceeding, or (4) testified or is about to testify in a workers' compensation proceeding. LAB. § 451.001. An employer that violates this statute is subject to a retaliation claim—an exception to the traditional "employment at will" doctrine. *Kingsaire, Inc. v. Melendez*, 477 S.W.3d 309, 312 (Tex. 2015) (quoting *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 453 (Tex. 1996)).

To succeed on a retaliation claim, an individual must show that the termination would not have occurred when it did apart from the filing of the employee's workers' compensation claim. *Id.* (citing *Cont'l Coffee*, 937 S.W.2d at 450); *Echostar Satellite L.L.C. v. Aguilar*, 394 S.W.3d 276, 286 (Tex. App.—El Paso 2012, pet. denied). An employee generally may—and oftentimes must—rely on

circumstantial evidence to prove causation. *Kingsaire*, 477 S.W.3d at 312. Such circumstantial evidence may include:

> (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false.

*Cont'l Coffee*, 937 S.W.2d at 451. Additionally, the temporal proximity of the termination to the date of the injury or claim may also be considered as circumstantial evidence of a retaliatory firing. *Echostar Satellite*, 394 S.W.3d at 288. While no one factor is determinative and a plaintiff need not produce evidence on every factor, there must be "sufficient circumstantial evidence on a majority of these factors." *Armendariz v. Redcats USA, L.P.*, 390 S.W.3d 463, 469 (Tex. App.—El Paso 2012, no pet.).

If the employee is able to establish a causal link between the termination and the filing of a workers' compensation claim, the burden shifts to the employer to provide evidence of a non-retaliatory reason for the termination. *Terry v. S. Floral Co.*, 927 S.W.2d 254, 257 (Tex. App.—Houston [1st Dist.] 1996, no pet.). If the employer is able to provide such evidence, the burden shifts back to the employee to produce controverting evidence. *Tex. Div.–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994). If the employee fails to produce additional evidence rebutting an employer's evidence of a non-retaliatory termination, the employer is entitled to summary judgment. *Id.*

In this case, Appellant's claim rests entirely on the fact that he was fired two days after he filed his workers' compensation claim and on his subjective interpretation of comments made by Carlile. Temporal proximity alone, however,

is insufficient to create an issue of fact, and Appellant's assertion that Carlile did not want him to file a workers' compensation claim is no more than a conclusion and is not competent summary judgment evidence. *See id.*; *Willis v. Nucor Corp.*, 282 S.W.3d 536, 546 (Tex. App.—Waco 2008, no pet.).

Other than the temporal proximity and the statements of Carlile, Appellant himself acknowledged during his deposition that he could not produce sufficient circumstantial evidence on a majority of the *Continental Coffee* factors:

> Q. Do you have any personal knowledge as to who made the decision to end your employment with Fasken?
>
> A. No, sir.
>
> Q. Do you have any personal knowledge as to who participated in making the decision to end your employment?
>
> A. No, sir.
>
> Q. Do you have any personal knowledge of what information was provided to the person making the decision to end your employment at Fasken?
>
> A. No, sir.
>
> Q. Do you have any personal knowledge of what information was relied on by the person making the decision to end your employment at Fasken?
>
> A. No, sir.
>
> Q. Can you identify any policies or procedures at Fasken that the company didn't comply with in separating your employment?
>
> A. No, sir.
>
> Q. Did anybody ever express a negative attitude towards your injury?
>
> A. No, sir.

Q. Can you identify any facts for me that cause you to believe that the reason Fasken has provided in this lawsuit as to why it separated your employment is false, untrue?

A. Facts?

Q. Let me rephrase it for you. Can you identify any facts that cause you to believe that the reason Fasken has given for its decision to separate your employment in this lawsuit is false?

[APPELLANT'S COUNSEL]: Objection; form.

A. No, I can't give you any facts.

Q. Can you identify any other employee who did not follow the instructions of Tommy Taylor, and who never had a workers' compensation claim at work who wasn't terminated?

A. No, sir.

Because Appellant failed to produce any summary judgment evidence that would call into question Appellee's non-retaliatory explanation, the trial court did not err in granting Appellee's motion for summary judgment. *See Carrozza*, 876 S.W.2d at 314; *Willis*, 282 S.W.3d at 555. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

KEITH STRETCHER

JUSTICE

April 2, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.