Antonio ALONSO, Appellant,

v.

The STANLEY WORKS,
INC., Appellee.

No. 05–02–01265–CV.

Court of Appeals of Texas,
Dallas.

Aug. 12, 2003.

Domingo A. Garcia, Law Offices of Garcia & Read, P.C., Dallas, for appellant.

Victor Navasca Corpuz, Kristin Leigh Bauer, Dallas, for appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice MORRIS.

In this appeal of a summary judgment, we determine whether Antonio Alonso presented sufficient summary judgment evidence to raise a fact issue on his claim for retaliatory discharge. Concluding he did not, we affirm the trial court's judgment.

### I.

The summary judgment evidence shows that Antonio Alonso was employed by The Stanley Works, Inc. in Dallas, Texas.

During the course of his employment, Alonso was allegedly injured while lifting a heavy load. Alonso reported his injury to his supervisor and, according to Alonso, his supervisor told him he was lying. Approximately two months later, Stanley Works filed a workers compensation claim on Alonso's behalf and Alonso's supervisor attempted to find him light duty work. In one department that had light duty work, Alonso states he was told he was not wanted because "all Mexicans are stupid" and that he would not be able to perform the type of work the department required. Alonso then began a medical leave of absence from the company.

Alonso testified that during his leave, he was harassed by employees and representatives of Stanley Works who suggested he was lying about his injury and that he needed to get back to work. Six months after his leave of absence began, Alonso received a letter from Stanley Works stating his employment had been terminated pursuant to the company's leave of absence policy. The policy states that if the employee is "physically unable to return within the six-(6) months allowed for the LOA, [his] employment at Stanley Mechanics Tools, Inc. will be terminated." The policy further advises employees that "[i]n such cases, after you have recovered, you may wish to reapply for employment and be considered, along with other applicants, for available positions." Alonso admitted he was given a copy of the employee handbook containing the leave of absence policy and, although he did not speak English, his wife had translated parts of the handbook for him. Alonso denied any knowledge of the leave of absence policy before his termination, however. Alonso did not attempt to reapply for employment with Stanley Works after his discharge.

Alonso brought this suit against Stanley Works alleging he had been wrongfully terminated in retaliation for filing a workers compensation claim. In response, Stanley Works filed a motion for summary judgment arguing that Alonso had been terminated pursuant to a uniformly applied leave of absence policy. Stanley Works's summary judgment evidence included a copy of the policy and an affidavit by the company's human resources specialist, Olga Lisa Stone–Veloz. Stone–Veloz testified that Stanley Works's leave of absence policy applied to all employees who failed to return to work after a six month leave of absence regardless of the reason for their leave. Stone–Veloz also stated that other employees who had taken leaves of absence to visit family and friends had been terminated pursuant to the policy. According to Stone–Veloz, Alonso never asked either during his leave of absence or after he was terminated about the availability of light duty work. Finally, Stone–Veloz stated the only reason Alonso was fired was because of his failure to return to work within six months.

In response to Stanley Works's motion for summary judgment, Alonso submitted evidence of the company's actions following his injury. Alonso contended those actions showed that the company had a negative attitude about his filing of a workers compensation claim. Alonso also testified he knew of another employee who was fired after sustaining an injury when Stanley Works inquired into the employees residency and discovered he was in the United States illegally. After reviewing the evidence and the parties' arguments, the trial court granted Stanley Works's motion for summary judgment and dismissed Alonso's claims. This appeal ensued.

## II.

The standard of appellate review for a summary judgment is well known.

*See Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Alonso's claims in this case were brought under section 451.001 of the Texas Labor Code. Section 451.001 states that an employee may not be discharged or discriminated against because he has filed a workers compensation claim in good faith. *See* TEX. LAB.CODE ANN. § 451.001 (Vernon 1996). Stanley Works presented summary judgment evidence that Alonso was fired pursuant to a non-discriminatory leave of absence policy rather than as a result of his filing a workers compensation claim. To raise a fact issue and prevent summary judgment, Alonso was required to produce some evidence that but for his filing of a workers compensation claim, his termination would not have occurred when it did. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996).

The Texas Supreme Court has held that the uniform enforcement of a reasonable absence-control policy does not constitute retaliatory discharge. *Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 313 (Tex.1994). If an employee's discharge is required by the uniform enforcement of a reasonable absence-control policy, it cannot be shown that the employee's termination would not have occurred when it did but for the employee's assertion of a workers compensation claim. *See Fenley v. Mrs. Baird's Bakeries, Inc.,*

59 S.W.3d 314, 320 (Tex.App.-Texarkana 2001, pet. denied). When an employer produces evidence that the absence from work policy has been uniformly enforced resulting in the plaintiff's termination, then no violation of the anti-retaliation statute is shown. *Id.*

In this case, Stanley Works presented evidence that Alonso was fired because he failed to return to work within the six month period allowed by the company for a leave of absence and that this discharge was required by a uniformly applied company policy. Alonso presented no evidence that the leave of absence policy was applied by the company in a discriminatory manner or that he had been prevented by Stanley Works from returning to work within the six month period. Because Alonso presented no evidence that but for his filing of a workers compensation claim, his termination would not have occurred when it did, the trial court correctly granted summary judgment in favor of Stanley Works.

We affirm the trial court's judgment.