NUMBER 13-05-055-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

SCOTT CERRE,                                                                     Appellant,

 

                                                             v.                                

 

ODFJELL TERMINALS (HOUSTON), LP,                             Appellee.

 

       On
appeal from the 281st District Court of Harris County, Texas.

 

                               MEMORANDUM
OPINION      

 

                         Before
Justices Hinojosa, Yañez, and Garza 

                            Memorandum
Opinion by Justice Garza

 








Appellant, Scott Cerre, appeals the summary judgment
granted in favor of appellee, Odfjell Terminals (Houston) LP (AOdfjell@), on his claim that Odfjell discharged and
discriminated against him in violation of chapter 451 of the Texas Labor Code
because he filed a workers= compensation claim after he was injured on the
job.  See Tex. Lab. Code Ann. ' 451.001 (Vernon 2006).  In two issues, Cerre contends that the trial
court erred in granting summary judgment in favor of Odfjell on his claims for
violation of the Texas Anti‑Retaliation Statute.  See id.  For the reasons that follow, we affirm the
judgment of the trial court.

I. Background

Odfjell operates a chemical tank terminal located at
the entrance of the Houston ship channel. 
In August 1999, Odfjell hired Cerre as a shore operator/chemical loader
to work on rail cars.  Cerre was injured
on the job on November 16, 2000, when he fell while trying to load a rail
car.  Cerre reported the injury to his
supervisor on the day it occurred.  On
October 8, 2001, Cerre took a leave of absence from his job at Odfjell.  Under Odfjell=s
absence-control policy, A[w]hen an employee is absent from work, for any
reason, for a period of six (6) continuous months, employment will be
terminated.@  On April 8,
2002, Cerre was terminated pursuant to Odfjell=s
absence-control policy.  Cerre=s termination, however, did not affect his ability
to receive workers= compensation benefits. Cerre=s deposition testimony reflects that Cerre continued
to receive benefits for the remainder of 2002 and the remainder or most of 2003.  

Cerre sued Odfjell alleging that he was discharged
and discriminated against in violation of chapter 451 of the Texas Labor Code
because he filed a workers= compensation claim. 
See  Tex. Lab. Code Ann. ' 451.001. 
Odfjell filed a no-evidence motion for summary judgment and a
traditional motion for summary judgment. 
Without specifying its grounds, the trial court granted Odfjell=s summary judgment on all of Cerre=s claims. This appeal ensued. 

 

 








II. Applicable Law

We review the decision to grant or deny a summary
judgment motion de novo.  See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).  Where, as in this case, the trial court does
not state the specific grounds upon which the summary judgment was granted, the
reviewing court must consider whether any theories set forth in the motion will
support a summary judgment.  State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).  A summary judgment must be affirmed if any of
the theories advanced by the movant are meritorious.  Id. 


Cerre=s claims in this case were brought under section
451.001 of the Texas Labor Code.  See Tex. Lab. Code Ann. ' 451.001.  The
labor code provides, in pertinent part, that a person may not discharge or
discriminate against an employee because the employee has filed a workers= compensation claim in good faith.  See id. 
The Workers' Compensation Act is to be liberally construed in favor
of the legislative intent to protect workers' compensation claimants. Castro
v. U.S. Natural Res., Inc., 880 S.W.2d 62, 65 (Tex. App.BSan Antonio 1994, writ denied).  Discrimination is an independent, alternative
ground of recovery under the Act.  Id.
 

III. Motion for Summary
Judgment








 In its
traditional summary judgment motion, Odfjell advanced the following summary
judgment theories: (1) Cerre could not establish a prima facie case of
retaliation, specifically, that Cerre could not establish any causal connection
between his worker's compensation claim and his termination; (2) Odfjell had a
valid, non‑discriminatory reason for terminating Cerre=s employment; and (3) assuming Cerre established a
prima facie case of discrimination, he could not establish that Odfjell=s reason for termination was a pretext for
discrimination.  In its no evidence
summary judgment motion, Odfjell contended there was no evidence to support
Cerre=s claim of retaliation, specifically, that there was
no evidence that Odfjell (1) failed to follow its policies in its treatment of
Cerre, (2) treated similarly situated employees who did not file workers= compensation claims more favorably, and (3)
expressed a negative attitude toward Cerre for filing a workers= compensation claim. 

In his response to Odfjell=s motion for summary judgment, Cerre first asserted
the motion must fail because Odfjell did not address his discrimination
claim.  He also asserted that there is a
question of fact regarding whether the filing of his workers' compensation
claim was a determining factor in his termination or the discrimination against
him.  Cerre further contended that
summary judgment would be improper because issues of material fact exist
relating to the reasonableness of Odfjell=s reason terminating him.  In support of his response, Cerre relied on
his deposition testimony and his affidavit detailing the events leading up to
his termination. 

IV. Discrimination Claim








In his first issue, Cerre asserts that the trial
court erred in granting the summary judgment because Odfjell=s motion for summary judgment ignored his
discrimination claim and, instead, addressed only the termination claim.[1]  He argues that termination and discrimination
are independent grounds under section 451.001, both prohibited by that section
and both pleaded in his petition.  See
Tex. Lab. Code Ann. ' 451.001. 
Cerre asserts that the trial court's order granting Odfjell's motion for
summary judgment specifically did so on the basis that Cerre was discharged for
violating the company=s absentee policy, thereby addressing only the
termination claim.  Thus, Cerre contends
that the trial court erred in rendering an order dismissing the section 451.001
claim in its entirety.  

Cerre further asserts that, even if Odfjell=s motion could be construed as having addressed the
discrimination claim, a question of fact exists as to whether he was
discriminated against for filing a workers' compensation claim in violation of
labor code section 451.001.  He argues
that Odfjell did not present any evidence on the issue of discrimination or
attempt to refute the allegation that Cerre was discriminated against for
filing a workers' compensation claim. 








In response, Odfjell suggests that section 451.001
does not provide a separate claim for discrimination.  We disagree with Odfjell.  See Castro, 880 S.W.2d at 65
(stating that discrimination is an independent, alternative ground of recovery
under section 451.001); see also Garcia v. Levi Strauss & Co., 85
S.W.3d 362, 369 (Tex. App.BEl Paso 2002, no pet.) (holding that Aa hostile work environment can, under the right set
of circumstances, constitute >other discrimination=
within the meaning of section 451"). 
Nonetheless, Odfjell states that, assuming this Court were to agree with
Cerre that discrimination is an independent ground of recovery, Cerre ignores
the rulings in Garcia.  See
Garcia, 85 S.W.3d at 369.  Odfjell
cites the court=s holding in Garcia which states, Awhile Garcia=s testimony demonstrates several unfriendly
incidents related to her status as a worker=s
compensation claimant, the evidence as a whole does not create a genuine issue
of material fact as to whether Levi Strauss=s
conduct was so severe and pervasive that it destroyed her ability to succeed in
the workplace.@  Id. at
371.   Odfjell goes on to state that Ain this case, the isolated comments allegedly made
by unnamed supervisors are not as egregious as those found not actionable by
the Garcia court.@  

A summary judgment may be upheld on appeal on only
those grounds expressly set out in the motion for summary judgment or in an
answer or any other response.  Tex. R. Civ. P. 166a(c). Grounds may be
stated concisely, without detail and argument, but they must be at least listed
in the motion.  McConnell v. Southside
Ind. Sch. Dist., 858 S.W.2d 337, 340 (Tex. 1993).  This has been interpreted to mean that when
one argues that a claim is not cognizable under a particular statute, this is
sufficient to challenge whether a claim has been stated under that
statute.  Abbott Lab. v. Segura,
907 S.W.2d 503, 508 (Tex. 1995) (Cornyn, J., concurring) (citing McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 340 (Tex. 1993)
("Grounds may be stated concisely, without detail and
argument.")).  

Odfjell=s motion for summary judgment clearly argues that
Cerre=s factual allegations do not constitute an
actionable claim for discrimination under 451.001.  Therefore, we conclude that this is
sufficient under the above authorities to place the issue of discrimination
before the trial court.  








We now address the remainder of Cerre's argument
that a fact issue remains concerning his claim for discrimination.  Both Texas and federal law recognize that an
employer can "discriminate" against an employee by creating, or
permitting the creation or maintenance of, a hostile work environment because
of that employee's sex, race, religion, color, national origin, or disability.  See Dillard Dept. Stores, Inc. v. Gonzales,
72 S.W.3d 398, 406 (Tex. App.BEl Paso 2002, pet. ref'd).  We believe this reasoning applies equally to
the prohibition on otherwise discriminating against workers' compensation
claimants.  See Garcia, 85 S.W.3d
at 370.  Thus, a hostile work environment
can, under the right set of circumstances, constitute "other
discrimination" within the meaning of section 451.  See id. at 369.  We analyze Cerre's discrimination claim
accordingly.

Extrapolating from other discrimination law, to
establish its right to summary judgment on Cerre=s
claim of a hostile work environment, Odfjell must conclusively negate at least
one of these five elements: (1) that Cerre belongs to a protected group; (2)
that he was subjected to unwelcome harassment; (3) that the harassment was
based on his having filed a workers' compensation claim; (4) that the
harassment affected a term, condition, or privilege of his employment; or (5)
that his employer knew, or should have known, of the harassment and failed to
take prompt remedial action. See id. at 370 (citations omitted).  If fact 
questions exist on any of these elements, summary judgment was not
warranted.








Taken in the light most favorable to Cerre, the
record reflects the following evidence. 
Cerre=s (unnamed) supervisor told him to Asay your back is all right . . . .  Do the best you can to keep it off any issue
because you ain=t going nowhere with it.  You=re going to end up paying for it.  You don=t want to file no comp claims.@  Another
(unnamed) superintendent told Cerre, Aoh, we hear there ain=t
nothing wrong with your back.@  Yet another
(unnamed) supervisor mentioned at a meeting, Aas soon
as  he (Cerre) gets back, we=re going to get him.@  Cerre also testified that a co-worker by the
name of Wendell Lewis, told him, Ayou don=t want to file a claim . . . . Man, don=t file a claim. 
You=re going to get terminated eventually.@  In his
deposition testimony, Cerre testified Aafter my work-related injury and pursuance of a
workers= compensation claim, I was isolated from my
co-workers, singled out for harsh, humiliating treatment and was made to feel
degraded and like I was >faking= an injury.@  He further
testified that Athis misconduct was humiliating to me and caused me
a severe degree of emotional distress.@ Cerre also stated, AOdfjell
belittled my injury, and even though, on one hand, some people at Odfjell at
times would seem to encourage my medical treatment, on the other hand, the
overwhelming weight of comment and conduct by Odfjell=s supervisory personnel towards me was extremely
negative against me for pursuing the workers=
compensation claim.@ 

To rise to an actionable level, a hostile
environment must be "both objectively and subjectively offensive, one that
a reasonable person would find hostile or abusive, and one that the victim in
fact did perceive to be so."  Faragher
v. City of Boca Raton, 524 U.S. 775, 787 (1998); Garcia, 85 S.W.3d
at 370.  The Supreme Court has made it
clear "that conduct must be extreme to amount to a change in the terms and
conditions of employment . . . ."  Faragher,
524 U.S. at 788.  The Supreme
Court has held that "'simple teasing,' offhand comments, and isolated
incidents unless extremely serious will not amount to discriminatory changes in
the 'terms and conditions of employment.'" 
Id. at 788; Shepherd v. Comptroller of Public Accounts,
168 F.3d 871, 874 (5th Cir. 1999).  A
hostile work environment is one "so severe and pervasive that it destroys
a protected classmember's opportunity to succeed in the workplace."  Shepherd, 168 F.3d at 874.








To be sufficiently severe or pervasive, the conduct
must be "extensive, long‑lasting, unredressed, and uninhibited"
and "permeate the plaintiffs' work environment."  Indest v. Freeman Decorating, Inc.,
164 F.3d 258, 264 (5th Cir. 1999). 
Conduct that is not severe enough to create a work environment that a
reasonable person would find hostile or abusive will not trigger a hostile
environment claim.  Harris v. Forklift
Sys., Inc., 510 U.S. 17, 21‑22 (1993); Garcia v. Schwab, 967
S.W.2d 883, 885 (Tex. App.BCorpus Christi 1998, no pet.).  Whether an environment is "hostile"
or "abusive" can be determined only by reviewing all the
circumstances, which may include the frequency of the conduct, its severity,
whether it is physically threatening or humiliating or a mere offensive
utterance, and whether it unreasonably interferes with an employee's work
performance. Harris, 510 U.S. at 23; Garcia, 967 S.W.2d at 885‑86.

While Cerre=s evidence demonstrates several negative comments
related to his status as a workers' compensation claimant, the evidence as a
whole does not create a genuine issue of material fact as to whether Odfell=s conduct was so severe and pervasive that it
destroyed his ability to succeed in the workplace.  See Dillard, 72 S.W.3d at 407
(cumulative effect of offensive behavior bears on determination of work
environment; single incidents need not be viewed in isolation); Schwab,
967 S.W.2d at 885.  We hold that Odfjell
conclusively negated the fourth element of a hostile environment claim, that
the harassment affected a term, condition, or privilege of employment.  Therefore, we conclude that the trial court
properly granted summary judgment on Cerre=s discrimination claim, and we resolve Cerre=s first issue against him. 

V. Retaliatory Discharge
Claim








In his second issue, Cerre contends the trial court
erred in granting Odfjell=s motion for summary judgment on his claim that
Odfjell discharged him in retaliation for his filing a workers= compensation claim under section 451.001.  See Tex.
Lab. Code Ann. ' 451.001.   

In its motion for summary judgment, Odfjell asserted
that it was entitled to summary judgment because Cerre was fired pursuant to a
nondiscriminatory absence-control policy rather than because he filed a workers= compensation claim. 
To raise a fact issue and preclude summary judgment under Odfjell=s traditional motion for summary judgment, Cerre was
required to produce some evidence that but for his filing of a workers
compensation claim, his termination would not have occurred when it did.  See Haggar Clothing Co. v. Hernandez,
164 S.W.3d 386, 388 (Tex. 2005); see Cont'l Coffee Prods. Co. v. Cazarez,
937 S.W.2d 444, 450 (Tex. 1996).  

Odfjell=s policy, which was attached to its motion for
summary judgment as summary judgment evidence, states:

To assure adequate staffing within our Company, the
following absence control policy is in force. 
When an employee is absent from work, for any reason, for a period of
six (6) continuous months, employment will be terminated. 

 

Attached to Odfjell=s
motion for summary judgment is also the affidavit of Gaylene Webb, Human
Resource Manager for Odfjell.  In her
affidavit, Gaylene explains that Odfjell adopted the absence-control policy in
April 1995 and that Cerre was terminated pursuant to the policy.[2]









The Texas Supreme Court has held that the uniform
enforcement of a reasonable absence-control policy does not constitute
retaliatory discharge.  See Haggar
Clothing Co., 164 S.W.3d at 388; Cazarez, 937 S.W.2d at 450 (stating
that an employer who terminates an employee pursuant to the uniform enforcement
of a reasonable absence‑control provision will not be liable for
retaliatory discharge);  Tex.
Div.-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex. 1994).  If an employee=s
discharge is required by the uniform enforcement of a reasonable
absence-control policy, it cannot be shown that the employee=s termination would not have occurred when it did
but for the employee=s assertion of a workers compensation claim.  See Haggar Clothing Co., 164 S.W.3d at
388; Cazarez, 937 S.W.2d at 450; Carrozza, 876 S.W.2d at
313.  When an employer produces evidence
that the absence-control policy has been uniformly enforced, resulting in the
employee=s termination, then no violation of the
anti-retaliation statute is shown.  See
Fenley v. Mrs. Baird=s Bakeries, Inc., 59 S.W.3d 314, 320 (Tex. App.BTexarkana 2001, pet. denied).[3]  

 Cerre
produced the following evidence to rebut Odfjell=s
reason for his discharge: (1) his affidavit, and (2) his deposition
testimony.  The gist of Cerre=s rebuttal argument consists of allegations that
Odfjell failed to (1) provide evidence of a legitimate nondiscriminatory reason
for his discharge, and (2) present conclusive evidence establishing the Areasonableness@ of its policy. 








Odfjell presented a legitimate nondiscriminatory
reason for Cerre=s discharge. 
Thus, we need not address Cerre=s first contention. 
The only other argument presented by Cerre involves his assertion that
Odfjell has a burden to demonstrate Awith case law@ its clear entitlement to summary judgment on the Areasonableness@ of its policy. 
Cerre=s concern appears to be that he believes the
absence-control policy is unreasonable when applied to individuals who are
absent from work due to injuries received on the job.  However, Cerre ignores the fact that Texas
courts have upheld the application of absence-control policies in other cases
where the employees were on leave due to work-related injuries. 

See  Haggar
Clothing Co., 164 S.W.3d at 388;
Cazarez, 937 S.W.2d at 450; Carrozza, 876 S.W.2d at 313; Cavender
v. Houston Distrib. Co., Inc., 176 S.W.3d 71, 72-73 (Tex. App.BHouston [1st Dist.] 2004, pet. denied) (stating A[n]othing in the supreme court's opinions in Cazarez
and Carrozza indicates that the court would limit its holding to
absence‑control provisions outside workers' compensation leave.@); Alonso v. Stanley Works, Inc., 111 S.W.3d
850, 852 (Tex. App.B Dallas 2003, no pet.).  Cerre=s contention that the absence-control policy is not
reasonable is not supported by any evidenceBeither
direct or circumstantial.  An employee=s subjective beliefs are merely conclusions and do
not raise a fact issue precluding summary judgment in a retaliatory discharge
action.  See Casarez, 937 S.W.2d
at 451; Carrozza, 876 S.W.2d at 314.[4]  








We conclude that the summary judgment evidence
produced by Cerre did not raise a fact issue regarding Odfjell=s articulated reason for terminating his
employment.  Cerre presented no evidence
showing that his employment was terminated because he filed a workers= compensation claim against Odfjell or even that the
claim was a determining factor in his termination.  Accordingly, we hold the trial court did not
err in granting Odfjell=s motion for summary judgment on Cerre=s retaliatory discharge claim.  Cerre=s second issue is overruled.             

Accordingly, we affirm the judgment of the trial
court. 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 11th day of May, 2006.

 











[1] Cerre=s claim for discrimination is based
on comments allegedly made by unnamed supervisors concerning his injury and his
filing a workers= compensation claim.  





[2] Cerre=s deposition testimony reflects
that he received a copy of the employee handbook containing the absence-control
policy when he started working at Odfjell. 





[3] Cerre does not contend the policy
is not uniformly enforced.  His testimony
acknowledges that he is aware of one other woman who was terminated pursuant to
the policy and that he is unaware of any other employee who was absent for six
months and was not terminated.  





[4] Cerre also argues that the
existence of other circumstantial evidence supports his claim that his
termination was a result of his filing a workers' compensation claim.  That evidence includes that Odfjell
supervisors were aware of his workers' compensation claim and Odfjell=s negative attitude toward his
injury.  These facts, however, are
immaterial because Odfjell established Cerre was terminated pursuant to its uniformly
enforced absence‑control policy.  See
Haggar Clothing Co. v. Hernandez, 164 S.W.3d 386, 388 (Tex. 2005)
(circumstantial evidence of causal connection is "immaterial" when
employer proves uniform enforcement of absence‑control policy).